UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  JANE REDMOND,                            :
                                           :   **MEMORANDUM DECISION AND**
                         Plaintiff,        :   **ORDER**
                                           :
            - against -                    :   23-cv-7549 (BMC)
                                           :
                                           :
                                           :
  HOUSE OF MONTY HILL, LLC,                :
                                           :
                         Defendant.        :
----------------------------------------------------------- X

**COGAN**, District Judge.

This is a diversity personal injury action arising out of an accident in Connecticut that occurred on October 18, 2021.  The complaint alleges that plaintiff is a New York "resident" and that defendant is a "corporation authorized to do business in the State of Connecticut and conducts substantial business in all counties of this State, including Fairfield County."  Fairfield County is a county in Connecticut, not New York, so I can only assume that "this State" refers to Connecticut.

Having reviewed the complaint, I issued an Order *sua sponte* requiring plaintiff to show cause why the case should not be dismissed or transferred on several grounds.

First, putting aside the fact that plaintiff has not properly pled the citizenship of defendant corporation if it was a corporation, see 28 U.S.C. § 1332(c), it is plain from the caption of the complaint that defendant is not a corporation, but a limited liability company.  To invoke diversity jurisdiction over a limited liability company, a plaintiff's complaint must identify by name and state the citizenship of every member of the LLC as each of their citizenships is imputed to the limited liability company for diversity purposes. See Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 49 (2d Cir. 2012); 136-61

Roosevelt LLC v. Starbucks Corp., No. 21-cv-3560, 2021 WL 2779287, at *1 (E.D.N.Y. July 2, 2021).

Second, there appeared to be no basis for venue in this district. Plaintiff resides here but plaintiff's residence is not a basis for venue. The only available venues are where the accident occurred (Connecticut) or where defendant resides. See 28 U.S.C. § 1391(b). There is no suggestion in the complaint that defendant has any connection with the Eastern District of New York. Third, and for similar reasons, there is no reason to think that defendant is subject to personal jurisdiction in this Court.

Plaintiff has responded to the Order to Show Cause. She does not address the failure of subject matter jurisdiction at all. The same with lack of personal jurisdiction. She concedes improper venue, stating that she "inadvertently chose plaintiff's residence as the basis for venue in this district."

She argues, however, that instead of dismissing the case for improper venue, I should transfer it to the District of Connecticut under 28 U.S.C. §§ 1404, 1406, and 1631 "in the interests of justice." Her reason for this is that in the nine days between the time she commenced this action on October 10, 2023, and the issuance of the Order to Show Cause on October 19, 2023, her claim, having accrued on October 18, 2021, became time-barred by Connecticut's 2-year statute of limitations for personal injury claims. See Conn. Gen. Stat. § 52-584. Thus, transfer instead of dismissal, she argues, is the only way to prevent her claim from being time-barred.

I decline to transfer the case. First, a court lacking subject matter jurisdiction over a case cannot transfer the case to another court that also lacks subject matter jurisdiction over the case. Plaintiff has failed to plead diversity of citizenship, and that same failure would obtain in the

Connecticut federal district court as it does here. This is not a situation where one federal court without jurisdiction can transfer the case to another federal court that does – e.g., a transfer between a federal district court and the Court of Claims. See Levy v. Pyramid Co. of Ithaca, 687 F. Supp. 48, 51 (N.D.N.Y. 1988), aff'd, 871 F.2d 9 (2d Cir. 1989). That is the purpose of 28 U.S.C. § 1631. I gave plaintiff the opportunity to demonstrate that there is in fact diversity here and she ignored that invitation. Since this Court does not have diversity jurisdiction, no other federal court is going to have it either.

Second, plaintiff is wrong that her claim will be time-barred if she recommences suit in Connecticut because her two-year statute expired in the nine days between her filing of this case and the Order to Show Cause. Like the vast majority of states, Connecticut has a statute providing that if a case is timely commenced under its statute of limitation and is subsequently dismissed for lack of subject matter jurisdiction, plaintiff is afforded a period of time – in Connecticut, one year from dismissal – to recommence the action and it will be deemed to have been timely commenced. See Conn. Gen. Stat. § 52-592(a). Compare N.Y. C.P.L.R. § 205 (six months). Thus, plaintiff has plenty of time to recommence this action in Connecticut state court as she should have done in the first place.

Accordingly, the case is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       October 26, 2023

3